1  TRINETTE G. KENT (State Bar No. 025180)
2  KENT LAW OFFICES
   10645 North Tatum Blvd., Suite 200-192
3  Phoenix, AZ 85028
4  Telephone:  (480) 247-9644
   Facsimile:  (480) 717-4781
5  E-mail: tkent@kentlawpc.com
6
   Of Counsel to:
7  Michigan Consumer Credit Lawyers
8  22142 West Nine Mile Road
   Southfield, MI 48033
9  Telephone:  (248) 353-2882
10 Facsimile:  (248) 353-4840
11
   *Attorneys for Plaintiff,*
12 *Aaron Bair*
13
               IN THE UNITED STATES DISTRICT COURT
14
               FOR THE DISTRICT OF ARIZONA
15

| 16 | Aaron Bair, | Case No.: |
|----|-------------|-----------|
| 17 | Plaintiff, | |
| 18 | | |
| 19 | vs. | **COMPLAINT** |
| 20 | iServe Servicing, Inc., | |
| 21 | a Delaware corporation, | **JURY TRIAL DEMAND** |
| 22 | Defendant. | |
| 23 | | |
| 24 | | |
| 25 | | |

26
27
28

1

**1**

NOW COMES THE PLAINTIFF, AARON BAIR, BY AND THROUGH

**2**

**3**

COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendant,

**4**

pleads as follows:

**5**

## JURISDICTION

**6**

**7**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

**8**

2. This is an action brought by a consumer for violation of the Fair Credit

**9**

Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

**10**

**11**

## VENUE

**12**

**13**

3. The transactions and occurrences which give rise to this action occurred in the

**14**

City of Mesa, Maricopa County, Arizona.

**15**

**16**

4. Venue is proper in the District of Arizona, Phoenix Division.

**17**

## PARTIES

**18**

5. The Defendant to this lawsuit is iServe Servicing, LLC, ("iServe"), which is a

**19**

**20**

Delaware corporation that maintains a registered agent in Los Angeles County,

**21**

California.

**22**

## GENERAL ALLEGATIONS

**23**

**24**

6. On or about September 12, 2012, Plaintiff's house was foreclosed.

**25**

7. On or about May 4, 2016, Mr. Bair obtained his Experian credit file and noticed

**26**

that iServe was reporting its trade line with account number 5000002009….

**27**

**28**

("Errant Trade Line") and stating that it was foreclosed in August 2015 and

2

then again in November 2015 and then again in January 2016 under the payment history section of his Experian credit file.  This is false as the house, which is the subject of the Errant Trade Line, was actually foreclosed in September 2012.

8. On or about June 21, 2016, Mr. Bair submitted a letter to Experian, disputing the multiple foreclosures that were reporting on the Errant Trade Line.

9. Upon information and belief, Experian forwarded Mr. Bair's consumer dispute to iServe.

10. On or about July 27, 2016, Mr. Bair received iServe's investigation results, which showed that iServe continued to report the multiple foreclosures on the Errant Trade Line.  iServe inaccurately reported that the foreclosure took place in August 2015, December 2015, and in July 2016.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ISERVE

11. Plaintiff realleges the above paragraphs as if recited verbatim.

12. After being informed by Experian of Mr. Bair's consumer dispute of the multiple foreclosures of the Errant Trade Line, iServe negligently failed to conduct a proper investigation of Mr. Bair's dispute as required by 15 USC 1681s-2(b).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13. iServe negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian to remove the multiple foreclosures from his credit file.

14. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Bair's consumer credit file with Experian to which it is reporting such trade line.

15. As a direct and proximate cause of iServe's negligent failure to perform its duties under the FCRA, Mr. Bair has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

16. iServe is liable to Mr. Bair by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

17. Mr. Bair has a private right of action to assert claims against iServe arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant iServe for damages, costs, interest, and attorneys' fees.

## COUNT II

4

**1**

**2**

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ISERVE

**3**

18. Plaintiff realleges the above paragraphs as if recited verbatim.

**4**

**5**

19. After being informed by Experian that Mr. Bair disputed the accuracy of the

**6**

information it was providing, iServe willfully failed to conduct a proper

**7**

reinvestigation of Mr. Bair's dispute.

**8**

**9**

20. iServe willfully failed to review all relevant information available to it and

**10**

provided by Experian as required by 15 USC 1681s-2(b).

**11**

**12**

21. As a direct and proximate cause of iServe's willful failure to perform its duties

**13**

under the FCRA, Mr. Bair has suffered damages, mental anguish, suffering,

**14**

humiliation, and embarrassment.

**15**

**16**

22. iServe is liable to Mr. Bair for either statutory damages or actual damages he

**17**

has sustained by reason of its violations of the FCRA in an amount to be

**18**

determined by the trier fact, together with an award of punitive damages in the

**19**

**20**

amount to be determined by the trier of fact, as well as for reasonable attorneys'

**21**

fees and he may recover therefore pursuant to 15 USC 1681n.

**22**

**23**

**24**

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment

**25**

against the Defendant iServe for the greater of statutory or actual damages, plus

**26**

**27**

punitive damages, along with costs, interest, and attorneys' fees.

**28**

5

1

## <u>JURY DEMAND</u>

2

3
Plaintiff hereby demands a trial by Jury.

4

5
DATED: October 10, 2016

6

7
                                        KENT LAW OFFICES

8

9
                                        By: ___/s/   *Trinette G. Kent*___

10
                                        Trinette G. Kent

11
                                        Attorneys for Plaintiff,
                                        Aaron Bair

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28